■ In the Matter of DON LERNER RESTAURANT, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act to annul a determination of the respondent New York State Liquor Authority, made October 1, 1962, after a hearing, which cancelled petitioner's restaurant liquor license on the grounds that it had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law (charges 2 and 3) and section 111 of said law (charge 6). By an order of the Supreme Court, Kings County, made October 16, 1962 pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination modified on the law, on the facts and in the exercise of discretion, by reducing the penalty from a license cancellation to a 60-day suspension. As so modified, determination confirmed, without costs. We conclude on this record that charges 2 and 3 (permitting an unescorted female to meet an unescorted male stranger in the premises, and lack of proper supervision) were not supported by substantial evidence; hence, they should have been dismissed. The only charge which we deem to be supported by substantial evidence is the sixth charge (unauthorized alteration of the premises). In our opinion, for such a violation the penalty of cancellation of petitioner's license was excessive; a 60-day suspension is ample punishment. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of DOROTHY D. POWELL, Appellant, v. ANONYMOUS, Respondent.— In a proceeding pursuant to section 122 of the Domestic Relations Law, to establish the defendant's paternity of a child born out of wedlock and to compel defendant to support said child, the complainant appeals from an order and judgment (one paper) of the Children's Court, Rockland County, entered February 28, 1961 upon the opinion and decision of the court after a nonjury trial, declaring that defendant is not the father and dismissing the complaint. Order and judgment affirmed, without costs. Complainant testified that she and her husband were separated during the period of conception. To the contrary, defendant's witnesses testified that during such period, complainant had been seen with her husband nearly every week. The resultant question thus presented as to the credibility of the witnesses was primarily for the trier of the facts to determine (*Matter of Kingston* v. *Anhalt*, 14 A D 2d 544). On this record, it is our opinion that the trial court was warranted in finding that the complainant had failed to sustain her burden of proof on the issue of access between her and her husband during the period of conception (cf. *Matter of Findlay*, 253 N. Y. 1, 8; *Commissioner of Public Welfare* v. *Ryan*, 238 App. Div. 607, 608). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.