■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD KELLY, Appellant.— Appeal by defendant from an order of the Children's Court of Clinton County entered after a trial in a proceeding instituted pursuant to section 122 of the Domestic Relations Law which adjudged him to be the father, directed him to reimburse complainant for expenditures incurred in connection with the pregnancy, confinement and recovery, prescribed the support and expenses to be paid by him and the nature and amount of the security to be furnished. A resolution of the issues involved depended upon the credibility to be accorded the testimony of the parties and of other witnesses which was in sharp conflict. On this record we would not be justified in substituting our judgment for that of the Trial Judge who has had the advantage of seeing and hearing the witnesses. On motion of defendant a blood grouping test was performed which did not definitely exclude him as the father of the child. (Domestic Relations Law, § 126-a.) The record discloses that the court in the course of the trial announced this result, submitted the report of the test to counsel for examination and thereafter, without comment or objection, made it a part of the record. Nothing further was said or done about it. The conductor of the test was not sworn as a witness. There is no reason to believe that the court gave the result evidentiary consideration. In fact, its formal order, read literally, indicates to the contrary. On this record we cannot say that the procedure adopted by the trial court, apparently with the consent of appellant, was error. Order affirmed, with costs to the respondent. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of FANNIE FARBER, Respondent, v. U. S. TRUCKING CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellant contests the award of death benefits on the ground that claimant is not decedent's widow, since her purported ceremonial marriage to him was entered into during the lifetime of her former husband, without the permission of the court or pursuant to any other modification of the judgment of divorce granted against her and in favor of the former husband about seven years before. The supposed remarriage was void at the time (Domestic Relations Law, § 6, subd. 1; § 8) but, shortly after filing her claim in this case, claimant obtained an order of the court modifying the judgment of divorce so as to grant her permission, nunc pro tunc as of a date shortly before the purported remarriage, to marry any person. The board found the purported ceremonial remarriage valid on the basis of the court's order and held that it was therefore unnecessary to consider proof of an alleged common-law marriage in Florida. The court was without jurisdiction to grant the nunc pro tunc order (Merrick v. Merrick, 266 N. Y. 120) which is, therefore, open to the collateral attack here made. Decision reversed, with costs to appellant against the Workmen's Compensation Board, and case remitted. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.