■ In the Matter of ANA MARIA Q. (ANONYMOUS) et al. BARBARA GREENBLATT, for the Rockland County Department of Social Services, Respondent; MIRNA V. (ANONYMOUS), Appellant.—In child neglect proceedings pursuant to article 10 of the Family Court Act, the appeals are from two modified orders of disposition (one as to each child) of the Family Court, Rockland County, each dated June 27, 1975, each of which granted custody of a child to the Department of Social Services for one year. Orders reversed, on the law, with costs, and proceeding remitted to the Family Court for a hearing to determine whether appellant willfully violated the order of supervision without just cause. The findings of fact were not reviewed. Absent unusual, justifiable circumstances, one's rights should not be terminated without his presence at the hearing *(Matter of Cecilia R.,* 36 NY2d 317). Petitioner was unjustifiably denied the right to present testimony and cross-examine witnesses before the termination of her custodial rights. We note that hearings on alleged violations of supervision orders are properly conducted pursuant to section 1072 of the Family Court Act and not pursuant to section 1061 thereof. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ In the Matter of ROBERT R. RANNI, Respondent, v STEPHEN BERGER, as Commissioner of Social Services of the State of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* (1) to review appellants' determination to terminate petitioner's services as a hearing officer and (2) to compel his reinstatement, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Rockland County, dated October 15, 1975, as, upon ordering petitioner's reinstatement, directed appellants to grant him retroactive compensation and benefits from the date of termination of his employment. Judgment affirmed insofar as appealed from, without costs or disbursements. Petitioner's dismissal was contrary to law (see Civil Service Law, § 75; 4 NYCRR 4.5 [a] [3]). Petitioner, having been directed to be restored to his position by order of Special Term, is entitled to retroactive compensation and benefits from the date of his dismissal (see Civil Service Law, § 77). Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ In the Matter of LINDA S. (ANONYMOUS), Appellant, v JAMES G. (ANONYMOUS), Respondent.—In a paternity proceeding, petitioner appeals from an order of the Family Court, Kings County, dated December 5, 1974, which, after a nonjury trial, dismissed the petition. Order affirmed, without costs or disbursements. In view of the sharp conflict in the testimony over nearly every aspect of this case, and especially with regard to the nature and extent of the underlying relationship between the parties, the credibility of the witnesses was crucial. On this record we would not be justified in substituting our judgment for that of the Trial Judge, who had the advantage of seeing and hearing the witnesses (see *People v Kelly,* 20 AD2d 740; see, also, *Matter of Powell v Anonymous,* 18 AD2d 911). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.