■ In the Matter of MICHAEL DENNIS C., Also Known as MICHAEL D., Also Known as MICHAEL C. MICHAEL DENNIS C., SR., Appellant; ANGEL GUARDIAN HOME et al., Respondents.— In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the natural parents of a child upon the ground that the child is permanently neglected, the father appeals from so much of an order of disposition of the Family Court, Kings County (Bolstad, J.), dated December 7, 1983, as, upon a fact-finding order dated December 7, 1983, made after a hearing, finding that the natural parents permanently neglected the child for a period of more than one year following the date the child came into the respondents' care, transferred and committed his guardianship and custody rights over the child to the petitioner the Angel Guardian Home and the Commissioner of Social Services of the City of New York.

Order affirmed insofar as appealed from, without costs or disbursements.

We find no merit to the appellant's contention that he was denied due process as a result of the Family Court's determination to continue the fact-finding hearing in his absence. The hearing had commenced on June 20, 1983, and numerous adjournments ensued. On July 29, 1983, the appellant failed

to appear even though he was aware of the adjourned date, having been informed of that date by his counsel. He thereby forfeited any right he may have had to be present at the continued fact-finding hearing *(cf. People v Sanchez,* 65 NY2d 436, 442-444).

The appellant also contends that the finding of permanent neglect was not supported by sufficient evidence. Based upon a review of the record, the appellant was shown, by clear and convincing evidence, to have substantially and continuously failed to maintain contact with or plan for the future of his child as required by Social Services Law § 384-b (7) (a) *(see, Santosky v Kramer,* 455 US 745; *Matter of Michael B.,* 58 NY2d 71). The appellant repeatedly failed to adhere to visiting schedules, attend planning sessions and fulfill agreed upon goals with respect to providing permanent adequate housing and stabilized finances. The finding of permanent neglect is amply supported by the evidence. The sporadic visits made by the parents indicated a lack of meaningful contact with the child, and the failure to establish the necessary home environment within a reasonable period of time displayed a total lack of any plan for the child's future. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.