■ In the Matter of LATICIA B. STEVEN B., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the father, Steven B., appeals from (1) a nondispositional order of the Family Court, Kings County (Sparrow, J.), dated May 19, 1988, which denied his motion to vacate a fact-finding order of the same court dated March 24, 1988, made after a hearing, which, *inter alia,* found that the child had been neglected, (2) an order of disposition of the same court dated June 13, 1988, which, after the fact-finding order and after a hearing, placed the child in the custody of the respondent Commissioner of Social Services of the City of New York for 18 months, and (3) an order of protection of the same court, also dated June 13, 1988, which, *inter alia,* directed him to stay away from his child unless she requested his visitation.

Ordered that the appeal from the order dated May 19, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated June 13, 1988; and it is further,

Ordered that the orders dated June 13, 1988, are reversed, on the law, without costs or disbursements; and the matter is remitted for the Family Court for further proceedings.

After a fact-finding hearing, the appellant was found, in an order of the Family Court, Kings County, dated March 24, 1988, to have neglected his daughter by virtue of the imposition of excessive corporal punishment upon her. The appellant moved to vacate the finding of neglect, and requested a de novo hearing on the ground that he was absent from the first hearing. His affidavit in support of the motion asserted that on the day of the hearing he "appeared outside Part 2 of this court at approximately 10:15 A.M.-10:30 A.M. At about the time of my arrival I was advised by a court officer that a hearing involving my case was in progress and that I would have to wait for completion of the hearing." The appellant's affidavit also alleged that on previous occasions in this case "I was not called before the court until the afternoon". Addition-

ally, at the hearing itself, the appellant's counsel vouched for the appellant's genuine interest in the outcome of the hearing and expressed surprise at his absence.

After arguments on the motion to vacate, the court determined that since its records reflected that the March 24, 1988, hearing had begun at 10:35 A.M., the appellant's statements explaining his absence were rendered incredible as a matter of law. Second, the court noted that date slips, which are given out daily, indicate that appearances are to be made at 9:00 A.M. The court therefore concluded that the appellant had chosen not to be in court on time, and declined to vacate its original finding. We reverse.

Family Court Act § 1042 states that: "If the parent * * * is not present, the court may proceed to hear a petition * * *. If the parent * * * thereafter moves the court that a resulting disposition be vacated and asks for a rehearing, the court shall grant the motion * * * unless the court finds that the parent * * * willfully refused to appear at the hearing, in which case the court may deny the motion." "Absent unusual, justifiable circumstances, one's rights should not be terminated without his presence at the hearing" (Matter of Ana Maria Q., 52 AD2d 607).

The court found, as a matter of law, that the appellant's statements about his time of arrival at the court were incredible because the actual proceeding commenced at 10:35 A.M., five minutes after the appellant claimed he arrived. This miniscule discrepancy, absent additional proof, cannot, as a matter of law, vitiate a statutorily created right. The court also noted that date slips, handed out prior to the motion hearing, indicated proceedings commenced at 9:00 A.M. Since there is no proof that the appellant read or even received such a slip, anything contained therein is not probative. In fact, it appears that the appellant did not act willfully to avoid the hearing. Rather, his affidavit suggests that he mistakenly assumed the hearing would not be held until the afternoon, as had occurred in the past. In view of these factors, we find the evidence insufficient to justifiably establish that the appellant willfully refused to appear at the hearing, which precludes the denial of the right to vacatur of the instant order.

We recognize that the State and the child have an urgent interest in having this matter resolved. This interest, however, must be balanced against the parent's interest (see, Matter of Raymond Dean L., 109 AD2d 87, 90). Family Court Act § 1042, by its terms, recognizes this. The Legislature has enacted a

statute providing a parent additional protection to enable him to be heard on matters concerning his child. It is clear from this that the parent's rights are equally as important as those of the other parties and are not to be disregarded absent a convincing showing of waiver. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.