■ In the Matter of KENDRA M., a Child Alleged to be Permanently Neglected.—Order unanimously reversed on the law without costs and matter remitted to Onondaga County Family Court for further proceedings, in accordance with the following Memorandum: The Onondaga County Department of Social Services filed a petition pursuant to Social Services Law § 384-b. The petition sought to adjudicate respondent's daughter Kendra a permanently neglected child and to terminate respondent's parental rights to the custody of that child on the grounds that respondent had for a period of more than one year following the date said child came into the care of the Department of Social Services failed to make any progress in her ability to care for her child or to adequately plan for the child's future, despite the agency's diligent efforts to encourage and strengthen the parental relationship.

At the initial court appearance on December 13, 1989, respondent was accompanied by a staff member from Hutchings Psychiatric Center. On March 19, 1990, the date of the scheduled fact-finding hearing in Family Court, respondent's assigned attorney was present, but respondent was not. Upon inquiry, the court was advised that respondent was incarcerated, without bail. The assigned attorney's request to be relieved of his assignment for noncooperation was refused by Family Court on the ground that the court could not proceed unless respondent was represented. The court then proceeded to conduct the hearing in her absence. Following an offer of proof, the court found that the allegations of the petition had been sustained "by the respondent's default".

Respondent, who was still in custody, appeared at the dispositional hearing with her attorney. The parties stipulated to an offer of proof with respect to the disposition. Petitioner then made an offer of proof and recommended that respondent's parental rights be immediately terminated and that the child be committed to the guardianship and custody of the Department of Social Services for adoption. Respondent's attorney noted that: "After conferring with my client, it is my client's position that we have nothing to offer at this time." Family Court granted the petition. Respondent's attorney never moved to vacate the disposition and for a rehearing, as permitted by Family Court Act § 1042.

Family Court erred in conducting the fact-finding hearing in the absence of respondent. Although the record fully supports a finding that respondent's parental rights should have been terminated, such a finding may not stand if respondent-mother was denied due process *(see, Matter of Orneika J.,* 112 AD2d 78, 80).

In our view, respondent's rights were seriously curtailed. " 'Absent unusual, justifiable circumstances, one's rights should not be terminated without [her] presence at the hearing' " *(Matter of Laticia B.,* 156 AD2d 681, 682, quoting *Matter of Ana Maria Q.,* 52 AD2d 607; *see also, Matter of Cecilia R.,* 36 NY2d 317). Here, it is undisputed that respondent was not present at the hearing due to her incarceration in the Public Safety Building. It is apparent from the record that this fact was brought to the attention of the court and that the court, instead of making arrangements to have respondent brought over from the jail to be present at the hearing or adjourning the hearing to a later date when respondent could be present, conducted the fact-finding hearing in her absence.

"A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is * * * a commanding one" *(Lassiter v Department of Social Servs.,* 452 US 18, 27, *reh denied* 453 US 927). Although the petitioner and the child have an urgent interest in having this matter resolved, this interest must, however, be balanced against the parent's interest *(see,* Family Ct Act §§ 1041, 1042; *Matter of Raymond Dean L.,* 109 AD2d 87, 90). A parent has a right to be heard on matters concerning her child and the parent's rights are not to be disregarded absent a convincing showing of waiver *(Matter of Laticia B., supra,* at 682-683). We conclude that the adequacy of counsel's representation was questionable and that respondent-mother neither willfully refused to appear at the fact-finding hearing nor waived her presence at such hearing. (Appeal from Order of Onondaga County Family Court, Buck, J.—Permanent Neglect.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.