OPINION OF THE COURT
Philip C. Segal, J.
In this proceeding, respondent moves pursuant to Family *96 Court Act § 1042 to vacate an adjudication, made on default and after an inquest, that her two minor children are neglected. In her motion, respondent asserts that her failure to appear in Family Court to defend the charges against her was caused by (i) emergency medical treatment she required at Caledonian Hospital for a chronic asthma condition, (ii) her Child Welfare Administration caseworker’s failure to notify her of a rescheduled court date, and (iii) respondent’s inability to communicate with her attorney because she lost his address and telephone number, and moved to a new address without first having had an opportunity to advise him of it. The Commissioner of Social Services (petitioner herein) opposes the motion on the grounds that respondent’s claims are incredible and that the children’s interests necessitate that the required dispositional hearing be held, and a final order made, without further delay. As set forth below, respondent’s motion is granted, the adjudication of neglect is vacated and the matter will be recalendared for a fact-finding hearing de novo.
Family Court Act § 1042 establishes an unusually liberal standard for the vacatur of defaults in child protective proceedings, a standard otherwise unknown in New York civil practice. Absent "a convincing showing” that a respondent "willfully refused to appear” the statute mandates that a new hearing be held, without regard to the time within which the motion is made or to the existence of a meritorious defense. (Matter of Laticia B., 156 AD2d 681 [2d Dept 1989].)*
The statute further provides that, even if a default were found to be willful, the court retains discretion to reopen the matter and to order a new hearing. Indeed, the Appellate Division has interpreted this part of the statute to require a rehearing unless "unusual, justifiable circumstances” are shown to exist. (Matter of Ana Marie Q., 52 AD2d 607 [2d Dept 1976].) In considering whether to exercise such discretion, the courts should carefully balance competing interests and, absent actual prejudice to the opposing parties that cannot be remedied otherwise, the motion for a new hearing should be granted.
*97 This statute and its requirement that a rehearing be liberally granted to a defaulting parent reflects a legislative determination that all efforts to afford full and complete due process rights must be satisfied before a family may be separated by court order. (See, Family Ct Act § 1011; Matter of Marie B., 62 NY2d 352 [1984]; see also, Family Ct Act § 1041.) It also evinces a legislative recognition that an adversarial hearing is an important safeguard against erroneous determinations in such sensitive matters and that the child’s interests are best served when determinations affecting the child’s welfare are based on the most complete record possible.
Here, respondent sets forth that her default was not willful. Her affidavit states a series of circumstances which show that her failure to appear was beyond her control. Because the Commissioner of Social Services has failed to allege sufficient factual allegations to the contrary, respondent is entitled to the relief she seeks as a matter of law. Even if this were not the case, none of the opposing parties have established actual prejudice to them. Accordingly, had willfulness been found, the court still would have been required to reopen the case to assure a full and fair hearing and a complete record.

 Compare CPLR 317, 3012 (d) and 5015 (a). Unless a jurisdictional objection is raised, these sections require that a motion for relief from a default judgment be made within specified time limits, that a meritorious defense be asserted and, in most instances, that the moving party demonstrate a reasonable excuse for the default. (See, e.g., Dobkin v Chapman, 21 NY2d 490 [1968]; Klenk v Kent, 103 AD2d 1002 [4th Dept 1984]; Sisalcords Do Brazil v Fiacao Brasileira De Sisal, 34 AD2d 778 [1st Dept 1970].)