■ In the Matter of DAVID TROTMAN, Respondent, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Appellants.—Judgment of the Supreme Court, New York County (Charles Ramos, J.), entered on September 17, 1991, which, *inter alia,* directed respondents to pay petitioner back

pay and benefits from the date of his termination to the date he enlisted in the Army, unanimously modified, on the law, to the extent of deleting the language "credit for all vacation days, personal leave days, holiday pay, uniform allowances, and" and otherwise affirmed, without costs.

In this CPLR article 78 proceeding, the petitioner is a Police Officer who was dismissed in 1987 as the result of a disciplinary proceeding involving charges that he struck a woman while off duty, was absent without leave for three days, and filed an altered sick leave report. In a prior transferred article 78 proceeding, we annulled the determination on the ground that lesser penalties had been imposed in cases of more egregious conduct, and remanded the matter to the Commissioner for reconsideration of the penalty *(Matter of Trotman v Ward,* 146 AD2d 236, *lv denied* 74 NY2d 609). The Commissioner, upon reconsideration, determined that the penalty should be a 30 day suspension and probation for one year, and that petitioner should be reinstated with back pay and benefits. However, by the time of the Commissioner's reconsideration of the penalty, petitioner had already enlisted in the U.S. Army, as of April 3, 1989, for a four year commitment. The judgment holds that petitioner is entitled to military leave of absence for the purpose of returning to duty as a Police Officer.

The only issue on this appeal is whether petitioner should be paid or credited for his vacation days, personal leave days, holiday pay, and uniform allowances for the period between his suspension and enlistment, pursuant to Civil Service Law § 77. There is no dispute that petitioner is entitled to retroactive compensation and benefits *(see, Ranni v Berger,* 52 AD2d 607, *lv denied* 39 NY2d 710). However, such compensation and benefits do not include vacation days, personal leave days, holiday pay and uniform allowances during the period preceding reinstatement *(Matter of Tripodi v Brown,* 185 AD2d 803). In *Tripodi (supra),* we affirmed the denial of such benefits in a similar case for the reasons stated by the Supreme Court, which carefully analyzed case law denying such entitlement. The Supreme Court correctly held that neither the statute nor the collective bargaining agreement requires such payment. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Kassal, JJ.