■ In the Matter of DOMINIQUE L. B., an Infant. MONIQUE M., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [647 NYS2d 639] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court denied respondent mother due process by conducting a fact-finding hearing in this termination proceeding in the absence of respondent and by not permitting respondent's counsel to participate in the hearing. Although the record fully supports a finding that respondent's parental rights should have been terminated, such a finding may not stand if respondent was denied due process (*see, Matter of Kendra M.*, 175 AD2d 657; *Matter of Orneika J.*, 112 AD2d 78, 80).

" ' "Absent unusual, justifiable circumstances, one's rights should not be terminated without [her] presence at the hearing" ' (*Matter of Laticia B.*, 156 AD2d 681, 682, quoting *Matter of Ana Maria Q.*, 52 AD2d 607)" (*Matter of Kendra M., supra*, at 658). "A parent has a right to be heard on matters concerning her child and the parent's rights are not to be disregarded absent a convincing showing of waiver" (*Matter of Kendra M., supra*, at 658; *see, Matter of Laticia B., supra*, at 682-683). On this record, we conclude that there was no convincing showing of waiver of respondent's right to be present at the hearing.

In addition, Family Court unjustifiably denied respondent's attorney an opportunity to participate in the fact-finding hearing, although the attorney was present and indicated his desire to represent respondent at the hearing. Parental rights may not be curtailed in New York without " 'a meaningful opportunity to be heard, which in these circumstances includes

the assistance of counsel' " (*Matter of Ella B.,* 30 NY2d 352, 357, quoting *Cleaver v Wilcox,* 40 USLW 2658, 2659; *see, Matter of Orneika J., supra,* at 80). (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.