■ In the Matter of JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, and LINDA DALABA, Appellant, v DONALD R. BARRIGAR, Respondent. [678 NYS2d 217] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court erred in restricting the visitation rights of the mother with her son to mail and telephone contact through and monitored by a caseworker at the Jefferson County Department of Social Services (DSS).

On May 7, 1997, the child's father filed a petition in Jefferson County Family Court for visitation with the child, who was

in foster care. The mother, who resided in Florida, did not join in the petition. A hearing on the visitation petition took place on May 28, 1997. Also on the calendar that day was a request by DSS for an extension of placement. Both the mother and the father appeared through their attorneys. The mother's attorney indicated that the mother was considering filing a petition for custody, and an adjournment was granted to enable her to do so. By the date of the first adjourned hearing, the mother had not filed a petition. The court granted the extension of placement, without prejudice to a later petition by the mother. No issue was raised concerning the mother's visitation rights. Because the child's aunt, who was to be the new foster mother, objected to direct mail and telephone contact between the father and the child, another adjournment was granted to enable the parties to settle the father's visitation rights.

At the second adjourned hearing, the Law Guardian indicated that the mother's prior visits with the child had a significant detrimental effect on the child's behavior, and he requested that mail and telephone contact with both parents take place only under DSS supervision. There is no petition in the record concerning the mother's visitation rights. On consent of DSS and the father's attorney, the court agreed to the Law Guardian's request and directed the father's attorney to submit an order to that effect. The mother's attorney did not comment on those developments except to state that he had lost contact with the mother. The amended order states in part "that both the Respondent-father and Non-Respondent-mother shall be entitled to mail and telephone contact with the child, through, and monitored by * * * [a] caseworker, at the Jefferson County Department of Social Services".

On appeal, the mother contends that, before restricting her visitation, the court was required to conduct an evidentiary hearing and conclude that unsupervised visitation would be detrimental to the child's best interests.

The court erred in restricting the mother's visitation rights to supervised mail and telephone visitation. The mother had prior in-person visits with the child during his foster care placement, and the court's amended order thus restricted her visitation rights despite the fact that the only request for that relief was the oral request by the Law Guardian at the second adjourned hearing. No petition was filed seeking the restrictions, and thus the mother had no prior notice that a limitation of her visitation rights was sought. " 'A parent has a right to be heard on matters concerning her child and the parent's rights are not to be disregarded absent a convincing showing of

waiver' " (*Matter of Dominique L. B.*, 231 AD2d 948). No such showing was made.

Finally, contrary to the contention of the Law Guardian, the mother was an aggrieved party with respect to the amended order despite the fact that it was entered on the consent of DSS, the father, and the Law Guardian for the child. The mother was a non-respondent party to the father's petition and had sought no relief pursuant to it. Thus, the mother could not be deemed to have consented to the entry of the amended order restricting her visitation rights without her knowledge, despite the nominal presence of her attorney at the hearing during which an oral order was made.

In light of our disposition of that issue, we need not reach the remaining issue raised by the mother on appeal.

We therefore modify the amended order by vacating the provision restricting the mother's visitation rights to supervised mail and telephone contact. (Appeal from Amended Order of Jefferson County Family Court, Hunt, J.—Visitation.) Present—Denman, P. J., Pine, Wisner, Balio and Fallon, JJ.