■ In the Matter of JOETTE PAPPAS, Respondent, v THOMAS IRIS, Appellant. [732 NYS2d 729] —Crew III, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered December 6, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt for willfully failing to comply with a prior order of support.

The parties were divorced in 1988 and, in conjunction therewith, respondent was directed to pay child support in the amount of $200 per week. Thereafter, in February 1999, petitioner commenced this proceeding seeking to enforce the child support provisions embodied in the underlying judgment of divorce. Ultimately, a Hearing Examiner ordered that respondent pay child support in the amount of $200 per week to the Sullivan County Support Collection Unit, fixed arrears at $107,600 and granted judgment in favor of petitioner in that amount. Upon respondent's failure to comply with the order of enforcement, petitioner sought to have respondent held in contempt. Following a hearing, at which respondent appeared with appointed counsel, Family Court found that respondent had willfully failed to comply with the prior enforcement order and sentenced respondent to six months in the Sullivan County Jail. This appeal by respondent ensued.

Respondent's primary contention on appeal is that there is insufficient evidence in the record to sustain a finding that he willfully violated a prior order of the court. We cannot agree. For purposes of this proceeding, respondent is presumed to

have sufficient means to support his child (*see, Matter of Powers v Powers*, 86 NY2d 63, 68-69). The uncontradicted proof that respondent failed to pay support as ordered constitutes "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; *see, Matter of Tarbell v Tarbell*, 241 AD2d 702), thereby shifting the burden to respondent to adduce " 'some competent, credible evidence of his inability to make the required payments' " (*Matter of Snyder v Snyder*, 277 AD2d 734, quoting *Matter of Powers v Powers, supra*, at 70). In our view, respondent's conclusory and unsubstantiated assertions regarding his inability to pay support in the amount ordered were insufficient to meet this burden. To the extent that respondent contends that he was unaware of his support obligation prior to the commencement of the instant proceeding, we need only note that respondent's arguments on this point constitute nothing more than an improper collateral attack upon the validity of the underlying judgment of divorce. Moreover, even after petitioner obtained the enforcement order directing respondent to make payments to the Sullivan County Support Collection Unit, respondent still made no effort whatsoever to comply with Family Court's directive regarding child support. We therefore conclude that there is no basis upon which to disturb Family Court's finding that respondent willfully violated the order of enforcement.

Cardona, P. J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.