■ In the Matter of PATRICIA H. COWAN, Respondent, v JAMES LOTT, Appellant. [762 NYS2d 155] —Crew III, J.P. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered December 7, 1999, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of child support.

Pursuant to a prior order of Family Court, respondent was found to be chargeable with paying child support in the amount of $55 per week. In March 1999, the Chenango County Child Support Collection Unit commenced the instant violation proceeding on behalf of petitioner seeking to recover certain arrears. A hearing ensued, at the conclusion of which the Hearing Examiner found that respondent willfully violated the prior order of support and awarded petitioner $4,923 in arrears. Family Court affirmed the Hearing Examiner's decision and sentenced respondent to six months in the Chenango County Jail with a purge of $10,000.

Upon appeal to this Court, respondent's counsel sought to be relieved of his assignment, contending that there were no non-frivolous issues to be raised on appeal. As our review of the underlying record revealed at least one potentially nonfrivolous issue, we withheld decision, granted counsel's application and assigned respondent new counsel (298 AD2d 630 [2002]). This matter is now before us for a disposition on the merits.

Respondent initially contends that Family Court erred in concluding that he willfully violated the prior order of child support. We cannot agree. The case law makes clear that in a violation proceeding such as this, the respondent is presumed to have sufficient means to support his or her child (*see Matter of Pappas v Iris*, 288 AD2d 719, 719-720 [2001]). Proof that the respondent has failed to pay support as ordered constitutes "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]), thereby shifting the burden to the respondent to tender " 'some competent, credible evidence of his inability to

make the required payments'" (*Matter of Snyder v Snyder*, 277 AD2d 734, 734 [2000], quoting *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]).

Here, the testimony offered on behalf of petitioner plainly established that respondent failed to make the required support payments and had in fact accumulated significant arrears. Although respondent testified that he could not meet his obligation in this regard due to a permanent thoracic disability, the evidence adduced at the hearing nonetheless revealed that respondent was employed by a taxicab service, operated an appliance repair service and owned certain rental property—all actual or potential sources of income. Under such circumstances, we cannot say that respondent met his burden of tendering reliable and credible evidence of an inability to pay. Respondent's remaining argument—that he was denied the effective assistance of counsel at the support hearing—has been examined and found to be lacking in merit. Accordingly, Family Court's order is affirmed.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.