■ In the Matter of ELIZABETH T. et al., Permanently Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEONARD T., Appellant. [770 NYS2d 804]—

Kane, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered February 10, 2003, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment and terminated respondent's parental rights.

Respondent is the biological father of three children who have continuously been in petitioner's care since January 2000. Family Court previously adjudged the children neglected, then permanently neglected, by both parents. Following the permanent neglect finding, the court suspended its judgment for one year, with numerous conditions. The suspended judgment provided one last opportunity for respondent to redeem himself and establish his ability to parent his children. Respondent failed to comply with almost every condition of the suspended judgment, so petitioner filed a petition for revocation of that judgment.

At an initial appearance in July 2002, Family Court indicated

that respondent had an obligation to keep the court apprised of his current address, and that the matter would proceed in respondent's absence if he failed to appear, as he had several times in the past. In August 2002, respondent failed to attend a court appearance. His attorney had not heard from him. When petitioner attempted to verify his address, it was informed that no such address existed.* On the scheduled hearing date in October 2002, respondent was not present again. Notices sent to the address that he had given the court in July were returned as undeliverable. Although he had not contacted his attorney, there were indications that respondent was in jail at the time. When the court decided to proceed in respondent's absence, his attorney's motion to be relieved was granted. Petitioner then presented its case.

On December 4, 2002, the date scheduled to continue the hearing, respondent appeared and indicated that he had been in jail on the previous court date. Family Court reassigned counsel and granted an adjournment. The court clearly informed respondent that notices would be sent to the new address that he supplied the court that day, confirmed that address, told him that the next court date would be December 19, 2002, and informed him that the matter would proceed in his absence if he failed to appear. Before adjourning, the court provided a written reminder of the next court date, the notices which had previously been returned as undeliverable, and a temporary order of protection. Respondent threw the written notices and order of protection in the courthouse garbage can.

On December 19, 2002, respondent again failed to appear. As with most of his previous absences, he had made no attempt to reach Family Court to advise of his absence and he did not notify his attorney that he could not be there. The court denied his attorney's motion for a mistrial or adjournment based on the oral and written notice provided at the previous appearance, plus notice of the court date provided in the December 4, 2002 order mailed to respondent at the address he supplied at his prior appearance. As a result of petitioner's unrebutted evidence, Family Court revoked the suspended judgment and terminated respondent's parental rights. Respondent appeals.

Contrary to respondent's contention that Family Court did not inform him that the matter would proceed if he failed to ap-

---

* This Court previously affirmed a Family Court order finding respondent in willful violation of a prior order of disposition for, among numerous other things, refusing to provide petitioner with his current address or any means to contact him (*Matter of Elizabeth T.*, 299 AD2d 748 [2002], *lv dismissed* 99 NY2d 610 [2003]).

pear—akin to *Parker* warnings in criminal matters (*see People v Parker*, 57 NY2d 136 [1982])—the court provided such warnings almost every time respondent appeared. Respondent did not generally receive mailed notices of court dates because he supplied the court with fictitious addresses or failed to provide current addresses, though specifically informed of his obligation in that regard and that the court would send notices to the address he provided. Respondent's own intentional actions were the only obstacle to his receipt of court notices.

Family Court appropriately proceeded with this matter despite respondent's absences. While due process of law applies in Family Ct Act article 10 proceedings and includes the right of a parent to be present at every stage of the proceedings, that right is not absolute (*see Matter of Curtis N.*, 288 AD2d 774, 775 [2001], *lv denied* 97 NY2d 610 [2002]; *Matter of Robert U.*, 283 AD2d 689, 690 [2001]). The court is authorized to proceed despite a parent's absence, but must vacate any resulting order and permit a rehearing on motion of that parent, supported by affidavit, unless the court finds that the parent "willfully refused to appear at the hearing" (Family Ct Act § 1042). Even though respondent never made an application to vacate, the court provided respondent with an opportunity to present his case. Although the hearing was scheduled to continue on December 4, 2002, the court permitted respondent an adjournment to meet with newly reassigned counsel. Respondent could have recalled petitioner's witnesses on December 19, 2002 and could have presented his own evidence had he appeared.

Respondent blatantly refused to participate in the proceedings by failing to appear when he was aware of hearings. This was epitomized on December 4, 2002 when, following Family Court's emphatic warnings about the consequences of his failure to appear, he threw the written court notice in the trash when exiting the courthouse and did not attend the hearing on the date included in that notice. By willfully failing to appear on dates for which the court provided adequate notice, respondent forfeited any right he had to be present at the hearing (*see* Family Ct Act § 1042; *Matter of Angel R.*, 187 AD2d 433, 434 [1992], *lv denied* 81 NY2d 703 [1993]; *Matter of Michael Dennis C.*, 121 AD2d 535 [1986], *lv denied* 68 NY2d 611 [1986]). Family Court did not deprive respondent of due process. Respondent simply chose not to participate in the process.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.