■ In the Matter of MONROE COUNTY SUPPORT COLLECTION UNIT, on Behalf of PATRICIA WILLS, Respondent, v DAVID WILLS, Appellant. [798 NYS2d 273]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered April 14, 2004 in a proceeding pursuant to Family Court Act article 4. The order, among other things, adjudged that respondent willfully violated an order of support, sentenced respondent to a six-month jail term and directed respondent to pay counsel fees incurred by petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order finding that he willfully violated a prior order of spousal and child support and ordering that he serve six months in jail (*see* Family Ct Act § 454 [3] [a]), that he pay petitioner's counsel fees (*see* Family Ct Act §§ 438, 454 [3]), and that proceedings be commenced by "the appropriate board, department, authority or office of this state" to suspend his license to practice as a certified public accountant (*see* Family Ct Act §§ 458-b, 454 [2] [f]). Respondent contends that Family Court erred in conducting the violation hearing in his absence, albeit with the full participation of his counsel, because the court had failed to give him " '*Parker*'-type warnings" (*see People v Parker*, 57 NY2d 136, 141-142 [1982]). We reject that contention in the context of this civil litigation between private parties (*cf. Matter of Elizabeth T.*, 3 AD3d 751, 752-753 [2004]; *Matter of Luis R.*, 184 AD2d 1012 [1992]). In any event, we note that the summons in the proceeding contained the notice required by Family Court Act § 453 (b),

thereby warning respondent that his failure to appear in court might result in, inter alia, his immediate arrest and further warning him that, if the court found that he willfully failed to comply with the prior order, he might be jailed for contempt of court. It is further noteworthy that the summons advised respondent that, pursuant to Family Court Act § 433, he might "qualify to testify" at the hearing by telephone or other electronic means if, inter alia, he resided in a county "not contiguous to [that of] the Family Court in which the matter will be heard." In that connection, we note that respondent later claimed to have been working in New York City at the time of the hearing and unable to appear in Monroe County as a consequence of a snowstorm. We further conclude that respondent received effective assistance of counsel at the violation hearing (*see Matter of Moore v Blank*, 8 AD3d 1090, 1091 [2004], *lv denied* 3 NY3d 606; *Matter of Rothfuss v Thomas*, 6 AD3d 1145 [2004], *lv denied* 3 NY3d 603 [2004]; *Matter of Leslie v Rodriguez*, 303 AD2d 1016 [2003]).

Contrary to the contention of respondent, the court properly determined that he willfully violated the order of support. Respondent's failure to pay support as ordered constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). Moreover, "[a] respondent is prima facie presumed in a hearing under section 454 to have sufficient means to support his or her spouse and [minor] children" (*Powers*, 86 NY2d at 68-69; *see* Family Ct Act § 437). Upon petitioner's presentation of that prima facie evidence, the burden shifted to respondent to rebut the presumption by offering "some competent, credible evidence of his inability to make the required payments" (*Powers*, 86 NY2d at 70; *see Matter of Powers v Horner*, 12 AD3d 609 [2004]; *Matter of Cowan v Lott*, 307 AD2d 480, 481 [2003]; *Matter of Snyder v Snyder*, 277 AD2d 734 [2000]), and respondent failed to rebut the presumption (*see Cowan*, 307 AD2d at 481; *Snyder*, 277 AD2d 734 [2000]).

We have considered respondent's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Smith, Pine and Hayes, JJ.