Matter of Malachi S. (Michael W.) (2021 NY Slip Op 03732)





Matter of Malachi S. (Michael W.)


2021 NY Slip Op 03732


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


523 CAF 20-00523

[*1]IN THE MATTER OF MALACHI S., ALSO KNOWN AS MALACHI W. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; MICHAEL W., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
ELLA MARSHALL, ROCHESTER, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered March 5, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order denied the motion of respondent to vacate a default. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order denying his motion to vacate the default order in appeal No. 2. In appeal No. 2, the father appeals from a default order that, inter alia, revoked a suspended judgment and terminated his parental rights with respect to the child who is the subject of this proceeding.
Addressing first appeal No. 2, we note that the father failed to appear at the hearing on petitioner's application by order to show cause seeking to revoke the suspended judgment and, although his attorney was present at the hearing, the attorney did not participate. Under the circumstances, we conclude that Family Court properly determined that the father's unexplained failure to appear constituted a default (see Matter of Tiara B. [appeal No. 2], 64 AD3d 1181, 1181-1182 [4th Dept 2009]; see also Matter of Lastanzea L. [Lakesha L.], 87 AD3d 1356, 1356 [4th Dept 2011], lv denied in part and dismissed in part 18 NY3d 854 [2011]). We therefore dismiss the appeal from the order in appeal No. 2 (see Tiara B., 64 AD3d at 1182).
With respect to appeal No. 1, it is well settled that a parent seeking to vacate a default order revoking a suspended judgment and terminating his or her parental rights must demonstrate a reasonable excuse for the default and a meritorious defense to the underlying allegations (see Lastanzea L., 87 AD3d at 1356; Tiara B., 64 AD3d at 1182). We review a court order resolving a motion to vacate a default order using either the abuse of discretion standard (see Tiara B., 64 AD3d at 1182) or the improvident exercise of discretion standard (see Matter of Kimberly S.K. [Kimberly K.], 138 AD3d 853, 854 [2d Dept 2016]; Shouse v Lyons, 4 AD3d 821, 823 [4th Dept 2004]). Here, we conclude that the court properly exercised its discretion in denying the father's motion.
Although " '[a] parent has a right to be heard on matters concerning [his or] her child and the parent's rights are not to be disregarded absent a convincing showing of waiver' " (Matter of Dominique L.B., 231 AD2d 948, 948 [4th Dept 1996] [emphasis added]),
" '[a] parent's right to be present for fact-finding and dispositional hearings in termination cases [*2]is not absolute,' " and " '[t]he child whose guardianship and custody is at stake also has a fundamental right to a prompt and permanent adjudication' " (Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1315 [4th Dept 2015], lv denied 25 NY3d 909 [2015]).
Contrary to the father's contention, he was notified of the scheduled hearing date, and we conclude that he willfully failed to appear and thereby waived his appearance (see Matter of Elizabeth T. [Leonard T.], 3 AD3d 751, 753 [3d Dept 2004]; cf. Matter of Kendra M., 175 AD2d 657, 658 [4th Dept 1991]). "By willfully failing to appear on dates for which the court provided adequate notice, [the father] forfeited any right he had to be present at the hearing" (Elizabeth T., 3 AD3d at 753), regardless of whether he was warned that the hearing would proceed in his absence (see Matter of Monroe County Support Collection Unit v Wills, 19 AD3d 1019, 1019 [4th Dept 2005], lv denied 5 NY3d 710 [2005]; Matter of Geraldine Rose W., 196 AD2d 313, 316-318 [2d Dept 1994], lv dismissed 84 NY2d 967 [1994]).
In any event, the father failed to demonstrate a meritorious defense in support of his motion to vacate the default. It is well settled that, "[i]f [petitioner] establishes by a preponderance of the evidence that there has been noncompliance with any of the terms of the suspended judgment, the court may revoke the suspended judgment and terminate parental rights" (Matter of Keyon M. [Kenyetta M.], 85 AD3d 1560, 1561 [4th Dept 2011], lv denied 17 NY3d 709 [2011] [emphasis added and internal quotation marks omitted]; see Family Ct Act § 633 [f]; Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1483 [4th Dept 2014]). Although the court misstated a few facts in its findings, there was ample evidence at the hearing that the father violated multiple terms of the suspended judgment and that it was in the child's best interests to terminate the father's parental rights. Defendant on his motion did not establish otherwise (see Tiara B., 64 AD3d at 1182; see also Lastanzea L., 87 AD3d at 1356).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court