■ MARGIT ANDRE, Respondent, v STEPHEN ANDRE, Appellant. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Appellant and his wife were divorced in 1977 and he was ordered to pay $135 per week alimony, an additional sum for child support and certain costs in maintaining the marital home. At the time of the divorce, appellant was an engineer employed at Calspan Laboratories and earning approximately $33,000 per year. In 1978 he voluntarily resigned his position at Calspan and accepted a college teaching position at a substantially lower salary. He has moved to reduce the alimony payments based upon this change of circumstances. The court denied the application finding that appellant's hardship was self-imposed for the purpose of avoiding his support obligations (see *Hickland v Hickland,* 39 NY2d 1). The record contains ample evidence that although the change in employment may have been precipitous, it was made for valid occupational reasons. Appellant testified that he had received a change in his assignment at Calspan and that similar changes for his colleagues in the past had been the prelude to their discharge. He introduced convincing evidence that the business of the corporation was declining, that its level of employment had severely contracted over the past few years and that there had been a recent change in ownership. Appellant's proof thus established a substantial change in circumstances and overcame any inference from the facts that his conduct prevented a modification in the alimony required of him. Accordingly, the

matter is remitted to Supreme Court, Erie County, so that it may review the record, accept such additional evidence as the parties wish to offer, make appropriate findings, and enter an order of modification. (Appeal from order of Erie Supreme Court — modify alimony.) Present — Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.