■ CONCETTA MIRTUONO, Respondent, v ALFONSO MIRTUONO, Appellant. — Appeal by defendant from an order of the Supreme Court, Queens County (Miller, J.), dated January 24, 1984, which (1) directed that he be committed to the county jail for failure to pay a fine in the sum of $22,632.62 imposed by a prior order and judgment of the same court (Cooperman, J.), entered September 20, 1983, which, after a hearing, found him to be in contempt of court for willfully failing to comply with the child support and maintenance provisions of a judgment of separation of the same court, dated August 17, 1982, as well as with a provision ordering the distribution of certain marital property, and (2) further directed that he remain incarcerated until such time as he pays said fine and the Sheriff's fees, or is otherwise discharged according to law.

Order affirmed, with costs. Stay granted by order of this court dated March 30, 1984 vacated.

A party who willfully disables himself from complying with the terms of a judgment of separation is not thereby excused from compliance by reason of his financial inability to pay (see *Serviss v Torino,* 263 App Div 722). Moreover, Special Term did not abuse its discretion by granting the order of commitment without first conducting a hearing, inasmuch as defendant raised the very same arguments in opposition to plaintiff's motion for an order of commitment that he raised at the hearing to determine whether he should be held in contempt. Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.