■ In the Matter of SHEILA MOORE, Appellant, v JOHN MOORE, Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered October 15, 1984, which directed respondent to pay $5 per week for the support of his three infant children.

The parties were married on September 30, 1967. Three children were born of the marriage. Their respective ages at the time of the proceeding in Family Court were 13, 14 and 16. All of the children reside with petitioner. The parties

executed a separation agreement, dated September 29, 1979, wherein respondent agreed to pay child support in the amount of $50 per week. The parties were divorced on December 16, 1980 and all issues of support were referred to Family Court. Respondent was paying support at the level of $63.25 per week for all three children until February 17, 1984 when his support payments ceased. No support has been paid since that date. Petitioner is employed as a secretary and her net income is $138.29 per week. Family Court determined the weekly expenses of the children for food, rent and other necessities to be approximately $250 per week. Respondent voluntarily left his job as a manager for a large grocery store chain when he was earning in excess of $20,000 per year to take a position as a store manager for a closely held corporation owned by his present wife. She pays respondent a $5,000 annual salary. After the filing of the petition herein, respondent and his present wife sold income property which had yielded $3,600 in rents for the previous year.

After a full hearing and complete financial disclosure, and after all the above facts were adopted by Family Court as findings of fact, the court ordered respondent to pay $5 per week for the support of his three children by his first marriage. This appeal by petitioner ensued.

Since the separation agreement was not incorporated or merged into the divorce decree, we shall treat the matter as a petition for child support de novo.

In *Hickland v Hickland* (39 NY2d 1, *cert denied* 429 US 941), it was held that where the reversal in a spouse's financial condition is brought about by the spouse's own actions or inactions, the court should not grant a downward modification of support payments. Here, the evidence indicated that the drastic reduction in respondent's income was attributable to his own behavior. At the time of the execution of the separation agreement and the divorce, respondent was earning $20,-000 per year. Yet, approximately one year later, he voluntarily left that position to accept a job as manager of another grocery store owned by a corporation wholly controlled by his second wife, a legal secretary, at an annual salary of $5,000. This voluntary exchange of jobs with the accompanying dramatic reduction in income raises two points that mitigate against any reduction in support payments. First, respondent is now employed in a family business and it would appear that respondent has some input into his salary level *(see, Matter of Doscher v Doscher,* 80 AD2d 945, *affd* 54 NY2d 655)*. Next, to permit a downward modification of support would be tanta-

mount to requiring respondent's three children to subsidize their father's precarious new business venture. This cannot be permitted. The proper amount of support is not determined by a spouse's current economic situation but by a spouse's ability to provide *(Kay v Kay,* 37 NY2d 632, 637).

This record clearly indicates that respondent is capable of earning more than $5,000 a year. Accordingly, we hold that Family Court abused its discretion in fixing support payments for three infant children at $5 per week. While the issue of breach of contract was not litigated at Family Court, the separation agreement is part of the record and paragraph 6 thereof sets forth the sum of $50 per week for child support. Since the parties agreed that $50 was an appropriate weekly sum for support, we see no reason to adjust that amount.

Order modified, on the law and the facts, without costs, by directing that respondent is to pay $50 per week in support payments to the Tompkins County Support Collection Unit, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.