■ In the Matter of MARY MILLER, Respondent, v SAMUEL MILLER, Appellant.—In a support proceeding pursuant to Family Court Act article 4, Samuel Miller appeals from (1) an order of the Family Court, Westchester County (Miller, J.), entered July 23, 1986, which, pursuant to the findings of Hearing Examiner Lefkowitz, *inter alia,* denied his petition for downward modification of his temporary support obligations and ordered him to pay $200 per week for the support of his wife and child, effective January 22, 1985, and (2) an order of the same court entered October 16, 1986, which, after a hearing, *inter alia,* (a) held that he had willfully failed to make court-ordered support payments, (b) fixed arrears at $15,650, and (c) ordered his incarceration for 60 days, with sentence to be suspended at such time as he paid $3,000 toward reduction of the arrears.

Ordered that the appeal from the order entered July 23, 1986, is dismissed; and it is further,

Ordered that the order entered October 16, 1986, is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

Pursuant to the findings of Hearing Examiner Lefkowitz after a hearing on July 10, 1985, the Family Court entered a permanent order of support awarding the petitioner wife $200 weekly for herself and the parties' son. No objections to those findings were filed *(see,* Family Ct Act § 439 [e]). Thus, the appeal must be dismissed *(see, Matter of Werner v Werner,* 130 AD2d 754). In any event, no transcript of the proceedings

before the Hearing Examiner was included in the record on appeal; thus, we are unable to review the Hearing Examiner's findings. The permanent award was properly determined based upon the Hearing Examiner's recommendation, and properly made retroactive to the date of the original support petition (see, Family Ct Act § 449).

The appellant's petition for downward modification of his permanent support obligation was heard along with the petitioner's violation petition, and the Family Court, in its order entered October 16, 1986, declined to reduce or cancel the accumulated arrears in support due and owing. We affirm that order. The appellant attempts to shield himself with the administrative determination finding him eligible for public assistance; however, he failed to offer the court any evidence tending to support that determination. On the contrary, the evidence suggests that the appellant's loss of his job was willful and unrelated to any inability to work. Under these circumstances, a court is justified in concluding that the appellant should not, merely by virtue of his placement on the welfare rolls, be relieved of his obligation to provide court-ordered support (cf., Matter of Chenango County Support Collection Unit v De Brie, 100 AD2d 687, 688; Matter of Nassau County Dept. of Social Servs. v Walker, 95 AD2d 855, lv dismissed 60 NY2d 557, 778).

The court's finding that the appellant had willfully violated the support order was well justified by the evidence. Initially, the testimony offered by the petitioner and a Nassau County Department of Social Services investigator indicating that the appellant had failed to pay support as ordered by the court constituted a prima facie showing of willfulness (see, Family Ct Act § 454). Moreover, his ability to pay support was properly established. First the petitioner had already been required, at the hearing on the petition for a permanent order of support, to prove that the appellant had the ability to pay support. Additionally, the petitioner showed that the appellant's loss of his job was in no way related to any disability. The appellant's testimony that his ulcers prevented him from working was properly rejected as incredible. Similarly, his weak protests that he had made efforts to find employment were properly rejected. We are left with his mere status as a welfare recipient, which, given the petitioner's evidence, is insufficient to establish his inability to work and satisfy his support obligation.

We conclude that the petitioner satisfied her ultimate burden of proving that the appellant, having the ability to pay

the ordered support, willfully failed to do so. The Family Court therefore acted properly in ordering the appellant's incarceration for 60 days, with the sentence to be suspended in the event that the appellant paid $3,000 toward reduction of the support arrears.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.