■ In the Matter of AVA LUDWIG, Appellant, v DARWIN REYOME, Respondent. [600 NYS2d 584] —Order unanimously reversed on the law with costs and respondent's petition dismissed. Memorandum: Petitioner contends that Family Court erred in granting respondent's petition for a downward modification of child support. The record establishes that respondent, upon learning that an income execution had been filed with his employer, quit his job in order to avoid his obligation to pay child support. In a subsequent support enforcement proceeding in 1991, respondent was held to have willfully violated the court's prior order of $25 per week in child support. That order further directed that respondent conduct a diligent job search and maintain a log of those efforts. It also provided that for a two-month period respondent's support obligation would be reduced to $25 per month and then reinstated to $25 per week for current support and $5 per week toward arrears. In 1992, petitioner sought an order finding respondent in willful violation of Family Court's enforcement order and respondent petitioned to reduce his support obligation to $25 per month on the ground that he was unemployed and on public assistance. Family Court found that respondent had willfully violated its prior order by failing to seek employment in a diligent manner and to keep a log of his employment search and placed respondent on probation for a period of one year. Respondent's petition for a downward modification, which was determined by a different Family Court Judge, was also granted.

Given those circumstances, we conclude that respondent's status as a recipient of public assistance is insufficient to relieve him of his obligation to provide court-ordered support *(see, Miller v Miller,* 137 AD2d 536, 537). A party who causes his own inability to pay support is not entitled to a downward modification of support payments *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941; *Matter of Moore v Moore,* 115 AD2d 894, 895-896; *Mirtuono v Mirtuono,* 104 AD2d 974).

Here, respondent voluntarily quit his job to avoid his support obligation and willfully violated the court's subsequent enforcement order by failing to undertake an adequate employment search. Because respondent's own actions created his inability to pay child support and his placement on the welfare rolls, he is not entitled to be relieved of his obligation to provide court-ordered support *(see, Miller v Miller, supra; Matter of Moore v Moore, supra)*. (Appeal from Order of Monroe County Family Court, Taddeo, J.—Child Support.) Present—Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.