In the Matter of PHILLIP M. FRIES, Appellant, v Jo ANN PRICE-YABLIN, Respondent. [619 NYS2d 900] —Order unanimously modified on the law and as modified affirmed

without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in modifying the Hearing Examiner's order and in granting respondent's cross petition because respondent failed to demonstrate a substantial change in circumstances sufficient to warrant a downward modification of child support. A party who causes her own inability to pay support is not entitled to a downward modification of support payments (see, Hickland v Hickland, 39 NY2d 1, cert denied 429 US 941; Matter of Ludwig v Reyome, 195 AD2d 1020; Matter of Moore v Moore, 115 AD2d 894, 895-896). Furthermore, a parent responsible for support may not unilaterally forego employment in an attempt to evade support responsibilities (see, Matter of Ciostek v Ciostek, 186 AD2d 1087, 1088; Ferlo v Ferlo, 152 AD2d 980). The proper amount of support is not determined by a spouse's current economic situation but by a spouse's ability to provide (see, Kay v Kay, 37 NY2d 632, 637; Matter of Moore v Moore, supra, at 896).

The record establishes that respondent is a licensed practical nurse and capable of earning more than the $60 per week that she receives from doing office work. The record supports the Hearing Examiner's finding that, "[a]lthough respondent has had physical injuries since 1986 and may be unable to do active nursing, she could still work in a medical office on a full-time basis or work in some capacity full-time and earn the equivalent of $12,480 ($6 per hour)." It is apparent that respondent is voluntarily remaining unemployed or underemployed to avoid her obligations to provide court-ordered support (see, Matter of Ludwig v Reyome, supra; Matter of Moore v Moore, supra).

Thus, we modify the order appealed from by reinstating the Hearing Examiner's order, granting the petition insofar as it seeks enforcement of the prior orders of support, and dismissing the cross petition. We remit the matter to Family Court to fashion an appropriate enforcement remedy. (Appeal from Order of Monroe County Family Court, Kohout, J.—Child Support.) Present—Green, J. P., Pine, Lawton, Callahan and Doerr, JJ.