In the Matter of PAMELA BECK, Appellant, v JOSEPH E. BECK, Respondent. [645 NYS2d 821]

The parties are the parents of a boy who was born in 1989. Pursuant to a 1993 order of the Family Court, Suffolk County, the father was obligated to make monthly child support payments of $250. The father sought a downward modification based upon proof that he had been laid off from his former position, and had been unable to obtain a new position at an equivalent salary. The mother moved to hold the father in contempt for his alleged willful nonpayment in violation of the

1993 order of support. The Family Court, *inter alia,* reduced the father's child support payments to $25 per week by income execution and found arrears due in the amount of $3,037.58 as of December 29, 1994, including $477.50 in medical arrears, but found that the father's violation of the 1993 support order was nonwillful. The mother now appeals.

We agree with the Family Court's conclusion that the father has demonstrated an "unanticipated and unreasonable change in circumstances" (*Epel v Epel,* 139 AD2d 488; *see also, Praeger v Praeger,* 162 AD2d 671) which is substantial (*see, Matter of Boden v Boden,* 42 NY2d 210; *Nordhauser v Nordhauser,* 130 AD2d 561). Contrary to the mother's contentions, while it may be appropriate to impute income where the father has voluntarily left his employment (*see, Hickland v Hickland,* 39 NY2d 1; *Alfano v Alfano,* 151 AD2d 530; *Matter of Miller v Miller,* 137 AD2d 536; *Matter of Moore v Moore,* 115 AD2d 894) or where he has hidden or refused to make his assets productive (*see, Kay v Kay,* 37 NY2d 632; *Matter of Fleischmann v Fleischmann,* 195 AD2d 604) the facts of the case at bar do not warrant such a finding.

The mother further challenges the court's finding that the father's nonpayment in violation of the 1993 order was not willful. Willfulness requires proof of both the ability to pay support and the failure to do so (*see,* Family Ct Act § 455 [5]). We agree with the Family Court that the father sufficiently demonstrated that his nonpayment was the result of his financial inability to comply with the 1993 support order (*see,* Family Ct Act § 455 [5]).

The mother's remaining contentions are either academic or without merit. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.