OPINION OF THE COURT
Dennis F. Bender, J.
The petitioner objects to the decision of the Hearing Examiner dated December 11, 1996, and the resulting order signed January 13, 1997. He argues the Hearing Examiner erred both as a matter of fact and as a matter of law, in dismissing his petition for downward modification "in the face of the Petitioner’s uncontroverted condition of alcoholism, his volun *512 tary pursuit of treatment, and the resulting substantial decrease in the Petitioner’s earnings.”
The petitioner had been working for a company called Frazier’s by which he was fired because he was "taking time off and not calling in.” He was, at times, he testified, "too drunk to get up.” He has procured new employment, but at a lesser wage. The Hearing Examiner found the petitioner’s loss of employment at Frazier’s was a consequence of his own actions, and as such, he was not entitled to a downward modification, citing Matter of Knights v Knights (71 NY2d 865).
In Knights (supra), the Court of Appeals stated that "[i]n exercising its discretion whether to modify a child support order, Family Court may consider various factors, including * * * whether a supporting parent’s claimed financial difficulties are the result of that parent’s intentional conduct”. (Matter of Knights v Knights, supra, at 866.)
The petitioner argues in his objections that "alcoholism” caused him to lose his job. Because alcoholism is a disease, he states, it was not his "fault” he was fired from Frazier’s, and suffered a subsequent decrease in earnings. Such, however, presumes the Hearing Examiner accepted the petitioner’s testimony. No expert witness was called to establish the conclusions of the petitioner that his actions were not voluntary and his employment loss was beyond his control. Even though uncontroverted, the Hearing Examiner, as the trier of fact, was obligated to determine what, if any, of the petitioner’s testimony was credible, and what conclusions were to be drawn from it. (Matter of Susan M. v Louis N., 206 AD2d 612, 614 [3d Dept 1994].)
In light of the foregoing, it cannot be said that the Hearing Examiner’s determination was incorrect.
Even accepting the facts to which the petitioner testified, however, this court would nonetheless reject the petitioner’s argument that his alcoholism justifies the relief he has requested.
While there does not appear to be a New York case directly on point, in Weinberg v Weinberg (95 AD2d 828 [2d Dept 1983]), the Appellate Division found another arguably "compulsive” difficulty, gambling, as the reason why the noncustodial parent’s income had declined. That Court found such difficulty an insufficient reason to lower the payor-parent’s child support obligation.
Additionally, the State of Washington, with similar criteria as New York for determining whether a downward modifica *513 tion is justified, has specifically found a payor-spouse’s decline in income due to an alcoholic condition is a self-imposed change, and does not warrant a downward modification of an alimony obligation. (Carstens v Carstens, 10 Wash App 964, 521 P2d 241 [1974].)
While not concluding that the effects of alcoholism might never serve as a justification for reduction of a support order, it is clear that the opposite is true as well. Alcoholism is a recognized disease. It is also recognized as one which is treatable, however. Here the petitioner not only testified that it was a relapse that resulted in his losing his job, but that he was told by his employer that if he sought treatment he could keep his position. He elected not to do so. While this court commends the petitioner for again returning to sobriety, it cannot, under the facts of the case, excuse his "relapse” as being beyond his control, any more then it could excuse him for driving while under the influence of alcohol.
The petitioner’s objections are denied.