■ In the Matter of JOANNE M. TARBELL, Respondent, v RICHARD J. TARBELL, Appellant. [660 NYS2d 100] —Crew III, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered June 20, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt of court for willfully failing to obey a prior child support order.

In May 1994, the parties entered into a consent order directing respondent to make certain payments for the support of his minor children. When respondent thereafter failed to make the required payments, petitioner commenced this violation proceeding. Following a hearing, at which the parties appeared and testified, a Hearing Examiner determined that respondent's failure to make such payments was willful. Family Court subsequently affirmed the Hearing Examiner's determination, found respondent to be in contempt and ordered him to serve 180 days in jail. This appeal by respondent ensued.

We affirm. Pursuant to Family Court Act § 454 (3) (a), upon finding that a respondent has willfully failed to obey a lawful order of support, Family Court may commit the respondent to jail for a term not to exceed six months. A finding of a willful violation, in turn, "requires proof of both the ability to pay support and the failure to do so" (Matter of Powers v Powers, 86 NY2d 63, 68). Although respondent argues on appeal that petitioner failed to establish that he possessed the ability to pay the ordered support, we cannot agree.

For purposes of a hearing under Family Court Act § 454, "[a] respondent is prima facie presumed * * * to have sufficient means to support his or her spouse and children under the age of 21" (Matter of Powers v Powers, supra, at 68-69; see, Family Ct Act § 437). Indeed, Family Court Act § 454 (3) (a) specifically provides that "failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation". Thus, as the Court of Appeals has instructed, "proof that [the] respon-

dent has failed to pay support as ordered alone establishes [the] petitioner's direct case of willful violation, shifting to respondent the burden of going forward" (*Matter of Powers v Powers, supra,* at 69).

Here, petitioner testified that respondent had failed to make any child support payments since June 1994, and testimony was elicited from respondent regarding his then-existing assets, business interests and income. Having sustained her burden in this regard, the burden of going forward shifted to respondent requiring him to "offer some competent, credible evidence of his inability to make the required payments" (*id.,* at 69-70). This respondent failed to do, as the record as a whole fails to support respondent's conclusory and unsubstantiated assertions regarding his alleged inability to pay. Accordingly, we see no reason to disturb Family Court's finding that respondent willfully failed to obey a prior order of support. Respondent's remaining contentions, to the extent that they are properly before this Court, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.