■ In the Matter of DEBRA LAEYT, Respondent, v STUART LAEYT, Appellant. [681 NYS2d 648] —Peters, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered March 24, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in violation of a prior support order.

A proceeding commenced in July 1996 by the Rensselaer County Support Collection Unit on behalf of petitioner alleged that respondent violated a June 1996 order of support which required him to pay $40 per week for the support of his son.* Respondent cross-petitioned for downward modification.

In January 1997, a hearing was held with respect to both petitions. Respondent confirmed that he had not made any payments pursuant to the June 1996 order and explained that he quit his job as a television cable installer in July 1996 because "expenditures exceeded income" and because he had been "in court so many times, [he] couldn't concentrate on work". He testified that in the six months thereafter he applied for approximately 20 different jobs, yet admitted that he waited over one month to make his first job application. His job history indicated that he worked for Montgomery Ward and a machine shop and had accepted work through a temporary agent. The Hearing Examiner dismissed respondent's cross petition for modification and determined that respondent willfully violated the June 1996 order of support. Upon the denial of respondent's objections, this appeal ensued.

A finding of willful violation of an order of support must be grounded upon a finding that respondent had the ability to pay and yet failed to do so (*see*, Family Ct Act § 455 [5]; *Matter of Powers v Powers*, 86 NY2d 63; *Matter of Tarbell v Tarbell*, 241

* Respondent, who had been paying support for his son since February 1994, made his last payment in October 1995. At the time that this proceeding was commenced, he was $965 in arrears.

AD2d 702). As the failure to pay support pursuant to a valid order "itself constitutes 'prima facie evidence of a willful violation'" (*Matter of Powers v Powers, supra,* at 69, quoting Family Ct Act § 454 [3] [a]), the burden shifted to respondent to establish his inability to pay. Upon the dearth of evidence supporting his inability to pay, we find that respondent's voluntary termination of his previous employment, with no employment prospect prior thereto, amounts to a willful violation (*see, Matter of Pancaldo v Pancaldo,* 214 AD2d 879; *Matter of Chenango County Support Collection Unit [Mersereau] v De Brie,* 100 AD2d 687). With no basis to justify a commensurate reduction of his obligation to pay support (*see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941; *Matter of Ludwig v Reyome,* 195 AD2d 1020; *Matter of Doscher v Doscher,* 80 AD2d 945, *affd* 54 NY2d 655), we affirm the order of Family Court.

Crew III, J. P., White, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.