■ In the Matter of BARBARA CRYSTAL, Respondent, v NEIL CORWIN, Appellant. [710 NYS2d 207] —Cardona, P. J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered March 8, 1999, which, *inter alia*, dismissed respondent's application, in a proceeding pursuant to Family Court article 4, for modification of a prior support order.

Petitioner and respondent, divorced in December 1987, are the parents of one minor child. By order dated July 25, 1989, respondent was directed to pay child support in the amount of $100 per week. In May 1990, petitioner filed a petition in Albany County Family Court alleging that respondent had violated that order of support. Following an October 1990 hearing at which respondent defaulted, a Hearing Examiner determined, *inter alia*, that respondent willfully violated the order of support and awarded judgment to petitioner in the amount of $2,834.54.

Following petitioner's change of residence, the case was transferred to Saratoga County Family Court in June 1995. In June 1998, respondent filed a petition seeking modification of the prior order of support. After appearing in court in connection therewith, respondent was arrested on a warrant for his failure to pay support and remanded to the Saratoga County Jail. Thereafter, a hearing was held before a Hearing Examiner on both petitioner's violation petition and respondent's modification petition. At the conclusion of the hearing, the Hearing Examiner, *inter alia*, denied respondent's request for modification of the prior support order, reaffirmed the Albany

County Hearing Examiner's finding of willful violation and awarded judgment to petitioner for child support arrears in the amount of $45,879.54. Respondent, in turn, filed objections to the Hearing Examiner's decision. Family Court denied the objections and, *inter alia*, upheld the Hearing Examiner's finding of willful violation resulting in this appeal.

Turning first to Family Court's determination that respondent willfully violated the order of support, we note that proof of nonpayment of court-ordered child support is itself prima facie evidence of a willful violation (*see, Matter of Laeyt v Laeyt*, 256 AD2d 743, 744; *Matter of Ahrem v Cattell*, 254 AD2d 352, 353). Once this showing is made, the burden shifts to the respondent " 'to offer some competent, credible evidence of his inability to make the required payments' " (*Matter of Delaware County Dept. of Social Servs. v Brooker*, 272 AD2d 835, 836, quoting *Matter of Powers v Powers*, 86 NY2d 63, 69-70; *see, Matter of Nickerson v Bellinger*, 258 AD2d 688).

In the case at hand, respondent admitted at the hearing that he has not made any child support payments whatsoever, as required under the July 1989 order, since 1991. He maintains that he was financially unable to so do. Respondent testified that he was employed as a special education teacher in 1989; however, he lost his license as a result of disciplinary proceedings involving his possession of illegal drugs. He indicated that he worked at a manufacturing facility doing light welding for a brief period of time in 1990 but left the employment because it aggravated his back condition and he was only earning $35 per week after the deduction of child support. Respondent stated that he began receiving public assistance in September 1991 and has not filed a tax return since that time because his income has not exceeded the poverty level. He further stated that he suffers from degenerative spine disease and arthritis which has impeded his ability to do physical labor.

Dale Eggers, who resides with respondent, testified that respondent has been on public assistance since 1991 and suffers from back problems. She indicated, however, that respondent's application for Social Security disability benefits was denied. She further stated that, between 1991 and 1998, she and respondent did odd jobs for respondent's father in return for which he would pay a portion of their rent.

Although respondent argues that his debilitating back condition and receipt of public assistance since 1991 renders Family Court's finding that he willfully violated the order of support erroneous, we conclude that he has failed to adduce proof sufficient to rebut petitioner's prima facie case. Respondent

submitted no medical proof to substantiate his claim of physical disability (*see, Matter of Reed v Reed*, 240 AD2d 951, 952; *see also, Matter of Ahrem v Cattell*, *supra*, at 353). In addition, there was evidence that he received income from his father toward housing expenses during the relevant time period and did not contribute anything toward the support of his daughter (*cf., Edwards v Johnson*, 233 AD2d 884). In light of this, and giving deference to Family Court's assessment of witness credibility (*see, Matter of Liccione v John H.*, 65 NY2d 826, 827), we find no reason to disturb Family Court's determination on the issue of willful violation.

Likewise, we find no merit to respondent's claim that Family Court should have granted his application for downward modification of the support order. We note that a party who causes his or her own inability to pay support is not entitled to downward modification (*see, Matter of Ludwig v Reyome*, 195 AD2d 1020, 1021). Here, respondent was responsible for the circumstances leading to the loss of his teaching license and voluntarily left his brief employment at the manufacturing facility. Furthermore, he has not put forth any persuasive proof that he has engaged in reasonable and sincere efforts to secure employment so that he could contribute to his child's support. Consequently, his petition for downward modification was properly dismissed. Respondent's remaining contentions have been considered and found to be lacking in merit.

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.