■ In the Matter of Tonina Snyder, Respondent, v Bradley Snyder, Appellant. [716 NYS2d 154] —Spain, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered April 22, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court article 4, to hold respondent in willful violation of a prior support order.

Petitioner commenced this proceeding to hold respondent in contempt of an order issued by the Family Court of the Second Circuit of Hawaii, pursuant to which respondent is obligated to pay child support to petitioner in the amount of $56.30 per week and contribute an additional $7.80 per week for their son's health insurance. After fact-finding and confirmation hearings on the willfulness of respondent's conceded violation of the order, Family Court confirmed the findings of the Hearing Officer that respondent had willfully violated the support order and incarcerated respondent for six months. Respondent now appeals from the order of confirmation.

We affirm. Respondent concedes that he violated the order and, therefore, that petitioner met her initial burden of establishing a prima facie case of willful violation (see, Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Laeyt v Laeyt, 256 AD2d 743, 744 ). The burden then shifted to respondent to offer "some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, supra, at 69-70). However, respondent did not demonstrate an inability to pay. To the contrary, at the hearing respondent admitted that he was employed at various times during the period at issue. He offered only "conclusory and unsubstantiated assertions regarding his alleged inability to pay" (Matter of Tarbell v Tarbell, 241 AD2d 702, 703) and no competent medical proof that he was unable to obtain employment (see, Nickerson v Bellinger, 258 AD2d 688, 688-689). Indeed, on appeal

respondent relies exclusively on his history of cocaine dependence and alcohol abuse as impediments to his ability to maintain regular employment. To the extent that this explanation is even properly considered (*cf., Matter of Crystal v Corwin*, 274 AD2d 683, 684), it neither explains nor justifies respondent's decision to place his own alleged expenses ahead of his obligation to support his son (*see, Matter of Powers v Powers, supra*, at 70).

Crew III, J. P., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.