■ In the Matter of EARL A. PRINGLE, Respondent, v KATH-LEEN PRINGLE, Appellant. [744 NYS2d 784] —Appeal from an order of Family Court, Monroe County (Sciolino, J.), entered May 30, 2001, which confirmed the order of the Hearing Examiner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the objections are granted, the order and findings of fact of the Hearing Examiner are vacated and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: By a prior amended order that was affirmed by this Court (*Matter of Pringle v Pringle,* 283 AD2d 966), Family Court increased petitioner's child support obligation to $351 per week for two children. Immediately following the entry of that order, petitioner was diagnosed by his physician as disabled from his job based on depression and anxiety caused by the stress of meeting his child support obligations and continuing friction with respondent, his former wife. We conclude that the court erred in confirming the order of the Hearing Examiner granting the subsequent petition for a downward modification of petitioner's child support obligation to $126.44 per week.

We note at the outset that reversal is required because the hearing conducted by the Hearing Examiner on the subsequent petition failed to comply with the rudiments of due process. "While we recognize the informality of Family Court procedures * * *, the process by which the instant modification came about * * * was inherently flawed from start to finish" (*Matter of Reynolds v Reynolds,* 50 AD2d 993, 994). A hearing to determine an application for modification of a support order is governed by the rules of evidence (*see* Family Ct Act § 439 [d]). Here, the colloquy among counsel and the Hearing Examiner was not a proper substitute for testimony (*see Matter of Toft v Beavers,* 124 AD2d 263, 264-265). "[U]nsworn testimony is inadmissible * * * [and] [u]nverified financial data cannot serve as a basis for a Family Court order for support" (*Matter of Schmeling v Schmeling,* 178 AD2d 999, 999; *see Matter of Eason v Eason,* 86 AD2d 666; *see also Matter of Nowacki v Nowacki,* 90 AD2d 795, 796).

We further conclude that the Hearing Examiner erred in failing to exercise his discretion with respect to the weight, if any, to be given to the medical opinion of petitioner's physician that petitioner had been disabled by depression and anxiety since December 1999. Although that medical opinion appears to be outside the physician's area of expertise, the Hearing Examiner apparently deemed himself bound to accept that

opinion, noting that "[r]espondent failed to offer any medical evidence." In fact, it was respondent who called the physician as a witness; petitioner had rested his case upon certain documents stipulated into evidence by the parties. In any event, the qualification of a witness to testify as an expert is a matter that rests in the discretion of the trial court, "subject to review only if the Judge has made a serious mistake, committed an error of law or abused the discretion" (Prince, Richardson on Evidence § 7-304, at 463 [Farrell 11th ed]). Once the expert is deemed qualified, the "extent of an expert's qualification is a fact to be considered by the trier of the fact when weighing the expert testimony" (*Felt v Olson*, 74 AD2d 722, 722, *affd* 51 NY2d 977). Expert testimony may be rejected "if it is improbable, in conflict with other evidence or otherwise legally unsound" (*Desnoes v State of New York*, 100 AD2d 712, 713). Here, the Hearing Examiner was not bound to accept the physician's opinion that petitioner was disabled by depression and anxiety, even if uncontradicted (*see Mechanick v Conradi*, 139 AD2d 857, 859), and thus we conclude that he erred in failing to exercise his discretion with respect to the weight, if any, to be given to that opinion.

Finally, in determining an application for a downward modification of a child support obligation, a court may consider whether the noncustodial parent's "claimed financial difficulties are the result of that parent's intentional conduct" (*Matter of Knights v Knights*, 71 NY2d 865, 866; *see Matter of Fries v Price-Yablin*, 209 AD2d 1002, 1003). If they are the result of such conduct, the proper amount of support will be determined not by the current economic situation of the noncustodial parent but by that parent's "ability to provide," and additional income may be imputed to that parent (*Fries*, 209 AD2d at 1003; *see Matter of Crosby v Hickey*, 289 AD2d 1013, 1014). Because the Hearing Examiner adopted the medical opinion of petitioner's physician, he did not reach the issue, raised by respondent's answer and cross petition, whether to impute income to petitioner. In any event, based on the numerous procedural deficiencies in the hearing on the petition, we conclude that the Hearing Examiner lacked a proper record to determine the issue.

We therefore reverse the order, grant the objections, vacate the order and findings of fact of the Hearing Examiner and remit the matter to Family Court, Monroe County, for a new hearing on the petition and cross petition before a different judge and, in the event of referral, to a different hearing examiner. Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.