Matter of Aliyah M. (Lynnise M.) (2018 NY Slip Op 02078)





Matter of Aliyah M. (Lynnise M.)


2018 NY Slip Op 02078


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


349 CAF 16-01836

[*1]IN THE MATTER OF ALIYAH M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LYNNISE M., RESPONDENT-APPELLANT, AND ANTHONY A., RESPONDENT. (APPEAL NO. 1.) 






DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR RESPONDENT-APPELLANT.
NATALIE M. STUTZ, BUFFALO, FOR PETITIONER-RESPONDENT. 
AYOKA A. TUCKER, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered September 8, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that the subject child was an abused child and placed respondent-appellant under the supervision of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from seven orders that adjudged that the subject children were abused children and placed the mother under petitioner's supervision. We conclude at the outset that the appeal from the order in appeal No. 2 must be dismissed. The record reflects that Family Court vacated the order at issue in that appeal because the subject child had turned 18 prior to the conclusion of the proceedings (see Matter of Alissia E.C. [Angelo B.], 104 AD3d 1269, 1269 [4th Dept 2013]).
With respect to the remaining appeals, we reject the mother's contention that the court improperly relied on inadmissible hearsay in reaching its determination. Initially, the court acknowledged that the out-of-court statements attributed by witnesses to the mother's adult daughter constituted hearsay, but expressly stated in its decision that it had not considered those statements for the truth of the matter asserted therein (see Matter of Weekley v Weekley, 109 AD3d 1177, 1178 [4th Dept 2013]). Further, the out-of-court statements attributed to the child who allegedly was sexually abused by the mother's boyfriend were sufficiently corroborated under Family Court Act § 1046 (a) (vi) and therefore were properly considered by the court (see Matter of Nicole V., 71 NY2d 112, 118-119 [1987]).
We further conclude that, contrary to the mother's contention, the court did not abuse its discretion in qualifying a witness for petitioner as an expert "in his capacity as a mental health counselor as well as . . . [based on] his expertise in the skill of forensic mental health as it pertains to sexual abuse" (see generally Matter of Pringle v Pringle, 296 AD2d 828, 829 [4th Dept 2002]). The court properly considered the witness's history of " [l]ong observation and actual experience' " in addition to his academic credentials (Price v New York City Hous. Auth., 92 NY2d 553, 559 [1998]).
Finally, the mother's remaining contentions are improperly raised for the first time on appeal and therefore are not preserved for our review (see Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017]; see generally Earsing v Nelson, 212 AD2d 66, 72 [4th Dept 1995]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court